IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

| | | |
|---|---|---|
| **KOLESZAR FARM LLC** | : | **CHAPTER 11 – BANKRUPTCY APPEAL** |
| | : | |
| **Debtor.** | : | **21-cv-05145-GEKP** |

## EMERGENCY MOTION FOR STAY PENDING APPEAL

The Debtor/Appellant, Koleszar Farm LLC ("Koleszar"), hereby requests that this Honorable Court stay the November 4, 2021 Order annulling the automatic stay with respect to the Debtor/Appellant's property located at 348 Pineville Road, Newtown, Upper Makefield Township, Pennsylvania 18940, pending the outcome of the Debtor/Appellant's appeal to the United States District Court, and in support thereof respectfully avers as follows:

1. The Debtor commenced this bankruptcy proceeding by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on June 11, 2021, to prevent the loss of Debtor/Appellant's property located at 348 Pineville Road, Newtown, Upper Makefield Township, Pennsylvania 18940 (hereinafter "the Farm"), and to reorganize its financial affairs.

2. At the time the case was filed, there was an online Sheriff's Sale scheduled on the Farm on which bids were to be accepted between 12:00 noon and 3:00 p.m., on June 11, 2021.

3. Despite filing this Chapter 11 case on June 11, 2021, at 11:10 a.m. and notifying both Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 (hereinafter "Wilmington Trust"), holder of a foreclosure judgment against the Farm, and the Sheriff of Bucks County, the Sheriff's Office orally prior to 12:00 noon, and both Wilmington Trust and the Sheriff's Office by email at about 12:03 p.m., well before the conclusion of the scheduled Sheriff's Sale, Counsel for Wilmington Trust instructed

the Sheriff to proceed with the Sheriff's Sale, the Sheriff acted on Wilmington Trust's instructions, and the Farm was "sold" to Wilmington Trust in clear violation of the automatic stay under §362 of the Bankruptcy Code.

4. On June 12, 2021, Koleszar filed an Application for the Appointment of Counsel, Regional Bankruptcy Center of Southeastern PA, P.C.

5. On or about June 24, 2021, Wilmington Trust filed a Motion for "*Nunc Pro Tunc* Relief from the Automatic Stay Under Section 362 Along with Co-Debtor Stay Relief or, in the Alternative, for Dismissal of the Bankruptcy Case" (hereinafter "the MFR").

6. After preliminary hearings regarding both the appointment of counsel and the MFR, an amended application for the appointment of counsel was filed and the Court scheduled a specially listed, consolidated hearing on the amended application for appointment of counsel, the MFR, and a Motion for Dismissal of the case filed by the United States Trustee on November 4, 2021.

7. Throughout the case leading up to the November 4, 2021 consolidated hearing, Koleszar tendered and Wilmington Trust's servicer, Fay Servicing, LLC, accepted payment of the regular monthly mortgage payments in the amount of $6,866.20 (see copies of mortgage payments attached hereto and incorporated herein, collectively marked as Exhibit "A")

8. At the November 4, 2021 consolidated hearing, the Court initially denied the application for appointment of counsel and then, without allowing Koleszar an opportunity to seek alternative counsel or allowing Koleszar, as a corporate entity, to participate in the hearing *pro se*, barred Koleszar from defending either the MFR or United States Trustee's Motion to Dismiss, and without taking any evidence in the case entered, *inter alia*, the Order annulling the automatic stay with respect to Koleszar's property located at 348 Pineville Road, Newtown,

Upper Makefield Township, Pennsylvania 18940 ("the Farm") that is the subject of this Motion (see copy of November 4, 2021 Order annulling the automatic stay attached hereto and incorporated herein, marked as Exhibit "B").

9. On November 18, 2021, Koleszar filed a timely appeal of all four Orders entered by the Court on November 4, 2021, including the Order annulling the automatic stay (see copy of Notice of Appeal attached hereto and incorporated herein, marked as Exhibit "C").

10. On December 3, 2021, Koleszar filed Appellant's Designation of Items to be Included in the Record on Appeal and Statement of Issues on Appeal (see copy attached hereto and incorporated herein, marked as Exhibit "D").

11. The record has been transmitted to the United States District Court, but no briefing schedule has yet been established.

12. Each month after entry of the November 4, 2021 Order annulling the automatic stay, Koleszar has tendered and Wilmington Trust's servicer, Fay Servicing, LLC, has accepted payment of the regular monthly mortgage payments in the amount of $6,866.20 (see copies of mortgage payments attached hereto and incorporated herein, collectively marked as Exhibit "E").

13. Despite the pendency of the appeal, Koleszar's tender of payments, and Fay Servicing, LLC's acceptance of regular monthly mortgage payments, on or about December 17, 2021, Wilmington Trust commenced an ejectment action in the Bucks County Court of Common Pleas, *Wilmington Trust, National Association, not in its individual capacity, but solely as trustee for MFRA Trust 2014-2 vs. Koleszar Farm LLC, et al.*, Docket No. 2021-06618.

14. On or about February 23, 2022, a Writ of Possession for the Farm was issued by the Bucks County Prothonotary (see copy of Writ of Possession attached hereto and incorporated herein, marked as Exhibit "F").

15. Execution on the Writ of Possession is scheduled on April 22, 2022, commencing at 9:00 a.m.

16. Prior to filing this Motion, appellate counsel for the Debtor/Appellant contacted counsel for both Wilmington Trust and the United States Trustee in accordance with Local Bankruptcy Rule 5070-1(g)(1) to determine if they would agree to a stay pending appeal, or if not, whether they had any conflicts with respect to scheduling an expedited hearing on this Motion.

17. Counsel for the U.S. Trustee first indicated that the U.S. Trustee would oppose the Motion, but later indicated that the U.S. Trustee may not take a position on the Motion depending upon whether the U.S. Trustee was a party to the particular November 4, 2021 Order with respect to which Debtor/Appellant seeks a stay pending appeal. Counsel has now indicated that the U.S. Trustee objects to the Motion, but in any event indicated that counsel had no conflict that would preclude participating in a hearing on April 21, 2022, or anytime prior to the scheduled execution on the Writ of Possession by the Sheriff of Bucks County.

18, Counsel for Wilmington Trust indicated that she would consult with her client, but could not consent to a stay at the time contacted, and also indicated that she would be available for a hearing anytime after 10:00 a.m. on April 21, 2022. In a further response, counsel indicated Wilmington Trust will oppose the Motion, but is still available for a telephonic hearing.

19. Appellant then filed a Motion pursuant to Bankruptcy Rule 8007(a) in the Bankruptcy Court.

20. The Bankruptcy Court has requested additional documentation that counsel for Debtor/Appellant is endeavoring to provide, but the Bankruptcy Court has not scheduled a hearing on the Motion yet, let alone issued a ruling.

21. It appears there may not be sufficient time for a hearing and ruling in the Bankruptcy Court in light of the additional requests through the Bankruptcy Judge's Courtroom Deputy.

22. If a hearing were not scheduled or scheduled late in the day, Debtor/Appellant would not have time to seek relief in the District Court pursuant to Bankruptcy Rule 8007(b) before the scheduled ejectment at 9:00 a.m. tomorrow, April 22, 2022.

23. Therefore, although the Debtor/Appellant is attempting to comply with the Bankruptcy Court's requests and procedure, the Debtor/Appellant is requesting relief in this Court pursuant to Bankruptcy Rule 8007(b)(2)(A) and/or (B).

WHEREFORE, the Debtor respectfully requests that this Honorable Court:

a. Grant the Debtor/Appellant's request for expedited consideration of this Motion for Stay Pending Appeal, either scheduling a telephonic hearing on April 21, 2022, or acting on the Motion based on the Motion and any responses without a hearing;

b. Issue an Order substantially in the form of the Proposed Order attached to the Motion, staying the November 4, 2021 Order that annulled the automatic stay, thereby also staying any execution on the Writ of Possession issued by the Prothonotary of the Bucks County Court of Common Pleas with respect to the Debtor/Appellant's property located at 348 Pineville Road, Newtown, Upper

    Makefield Township, Pennsylvania  18940, pending further Order of Court or a decision on the appeal by the United States District Court;

c. Otherwise stay any dispossession of the Farm located at 348 Pineville Road, Newtown, Upper Makefield Township, Pennsylvania  18940;

d. Condition the stay as suggested by the Debtor/Appellant in the Motion, or as the Court deems appropriate; and/or

e. Grant such other relief as the Court may deem to be just and proper.

                                    Respectfully submitted,
                                    GIARAMITA LAW OFFICES, P.C., BY:

                                    _____
                                  Michael Antonio Giaramita, Jr.
                                  Attorney ID #319299
                                  157 Little Conestoga Road, 2nd Floor
                                  Chester Springs, PA  19425

                                  <u>Attorney for Debtor/Appellant</u>